UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EUGENE BOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-0323 AS |
| ) | |
| ED BUSS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Eugene Bowers, a *pro se* prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus under 28 U.S.C 2254 challenging his 2000 conviction for robbery. The petitioner is a convicted felon serving a thirty-two year sentence imposed on January 12, 2001, by an Indiana court on charges of robbery. The sentence was enhanced because the jury found that the petitioner was an habitual offender. The response filed on behalf of the respondent by the Attorney General of Indiana demonstrates compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a traverse which this court has carefully examined.

The petitioner's conviction was affirmed on direct appeal, but he did not seek transfer to the Indiana Supreme Court. Subsequently, the petitioner filed a petition for post-conviction relief, which the trial court denied. The Indiana Court of Appeals affirmed the denial of the post-conviction relief petition, and the petitioner did not seek transfer to the Indiana Supreme Court.

The respondent asserts several defenses, including the defense that the petition is barred by the doctrine of procedural default. The parties' submissions establish that in his direct appeal, the petitioner claimed that the trial court

erroneously denied his motion for mistrial; that the evidence was not sufficient to sustain his conviction for robbery; and that his sentence was manifestly unreasonable. In his post-conviction relief petition, he asserted ineffective assistance of counsel for failing to object during the State's closing argument and for introducing evidence that the arresting officer found another screwdriver during his arrest. In his petition for writ of habeas corpus, the petitioner submits a different set of issues.

Modern habeas corpus law establishes several technical doctrines, including exhaustion, procedural default, and the statute of limitations, which a court must consider before reaching the merits of an applicant's claims. Under the exhaustion doctrine, claims of constitutional violations must first be fairly presented to the state courts, as stated by Justice Scalia in *Castille v. Peoples*, 489 U.S. 346 (1989), and reaffirmed in *O'Sullivan v. Boerckel* 526 U.S. 838 (1999). To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. at 846-47. Where a petitioner has not exhausted his state court remedies, and the time within which he could have done so has passed, his failure constitutes procedural default of his claims for purposes of federal collateral review. *Rodriguez v. Scilla*, 193 F.3d 913, 917 (7th Cir. 1999).

If the respondent's argument that Mr. Bowers has procedurally defaulted is correct, then the claims presented in his habeas petition are barred, and the court may not consider the merits. *Lostutter v. Peters*, 50 F.3d 392, 394 (7th Cir.),

*cert. denied*, 516 U.S. 843 (1995); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991). Once a claim is procedurally defaulted, a federal court will not address the merits of that claim unless the petitioner can show both cause for the default and prejudice resulting from the failure to obtain review on the merits. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violated has probably resulted in the conviction of one who is actually innocent.'" *Rodriguez v. Scillia*, 193 F.3d at 917, *quoting Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Where a petitioner has failed to fairly present his federal claims in the state court proceedings, the claims are procedurally defaulted for purposes of federal habeas review. *Farrell v. Lane*, 939 F.2d at 410. Fair presentation requires that "both the operative facts and the controlling legal principles must be submitted" to the state court, and failure to present both restricts the issue that a federal court may consider during collateral review. *Verdin v. O'Leary*, 972 F2d 1467, 1474 (7th Cir. 1992). It is not enough for a petitioner to phrase drop from the federal constitution; he must fairly present his federal claims for review. *See Riggins v. McGinnis*, 50 F.3d 492, 293 (7th Cir. 1995). This court has recognized that where there are slight differences in the wording of issues contained in a habeas petition compared to the state appeal, such claims were failry presented to the state courts. *Davidson v. Duckworth*, 613 F.Supp. 402, 404 (N.D. Ind. 1984). But where a petitioner's claim has undergone a material alteration since it was

3

presented to the state courts, then that issue has not been fairly presented to the state courts. *Turner v. Fair*, 617 F.2d 7, 11 (1st Cir. 1980).

This petitioner filed a direct appeal and an appeal from the denial of his post-conviction relief petition. But the issues he presented to the State courts do not correspond with the issues he presents in this petition for writ of habeas corpus. Because the petitioner did not present his claims to the Indiana appellate courts, and the time within which he could have done so has passed, he has committed procedural default. Even had the issues been identical, it appears that the petitioner would have committed procedural default because he did not seek transfer to the Indiana Supreme Court from either the appellate court's decision affirming his conviction or from the appellate court's decision affirming the dismissal of his petition for post-conviction relief.

The petitioner does not present a valid cause or prejudice argument either in his petition or in his traverse, nor does he present a colorable claim of actual innocence. Accordingly, this court may not excuse his procedural default and consider his claims on the merits. Because the court is denying this petition based on the respondent's procedural default argument, it will not address the respondent's other arguments.

For the foregoing reasons, the court **DISMISSES** this petition.

**IT IS SO ORDERED.**

**ENTERED**: March   22  , 2006

      S/ ALLEN SHARP      
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
